IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WALTER H. HOLLOWAY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 8:18CV497 |
| v. | ) ) | |
| OMAHA WORK STAFFING, M&M STAFFING, and RUSSELL MONN, | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) ) | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint (Filing No. 1) and its Supplements (Filing Nos. 6, 8-12) (which were filed without the court's permission[1]) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint and its many "Supplements" are difficult to decipher. As best as the court can tell, and liberally construed, it appears Plaintiff is attempting to sue his employer(s) for failing to pay him minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff names as defendants two physical locations of Omaha Work Staffing and its owner, as well as M&M Staffing. (Filing No. 1.) Plaintiff alleges that he "never received any partnership income"; that despite having worked for "Corrections" since 1979, he was treated as "hard labor" in 2018 and was "restricted to collect unemployment under rules of my copyrighted memo's of Omaha Work Release and County Corrections";

---

[1]In order to amend a complaint, Plaintiff must follow Nebraska Civil Rule 15.1.

that "they" are improperly garnishing his wages, causing Plaintiff to be "[b]elow poverty"; that Plaintiff's pay is below minimum wage, he must pay to "use thier [sic] transportation," he does not receive medical coverage, and he is unable to pay rent, utilities, and collect unemployment; that he "can not survive working over time"; and that a "female manager" failed to give him work. (Filing No. 1.) Plaintiff's "Supplements" to his Complaint (Filing Nos. 6, 8-12) and his Motion to Aquit [sic] and Return Property and Asset's [sic] (Filing No. 7) are completely nonsensical.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

"Under the FLSA , when an employee is engaged in commerce or is employed in an enterprise engaged in commerce, the employee must be paid a minimum hourly wage . . . and at least one and a half times his or her regular hourly rate for all hours worked over 40 per week." *Marin v. Aida, Inc.*, 992 F. Supp. 2d 913, 914 (W.D. Ark. 2014) (citing 29 U.S.C. §§ 206(a)(1)(C), 207(a)(1)).

In order to state a claim under the FLSA for failure to pay minimum wage and overtime, a plaintiff must allege facts establishing that (1) he was "employed" by an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); (2) he was engaged in commerce or in the production of goods for commerce **or** was employed by an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; (3) defendant failed to pay plaintiff overtime compensation for all hours worked by plaintiff in excess of 40 in one or more workweeks; and (4) the defendant failed to pay plaintiff minimum wage for all hours worked by plaintiff in one or more workweeks. *Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit*, Instruc. No. 16.40 (2018).

"[T]o succeed on an unpaid overtime claim, a plaintiff must allege and show 'that [he] worked above [his] scheduled hours without compensation and that [his employer] knew or should have known that [he was] working overtime.'" *Evans v. Joy*, No. 8:12CV161, 2012 WL 3868083, at *1 (D. Neb. Sept. 6, 2012) (quoting *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 781 (8th Cir. 2009)).

Here, Plaintiff makes no factual allegations whatsoever establishing any of the elements of his FLSA claims. First, it is unclear when Plaintiff worked for the employers named as defendants and what actions were taken by each employer that supposedly violated the FLSA. Second, Plaintiff does not indicate that, in his employment with specific employers, he was engaged in commerce or in the production of goods for commerce **OR** that he was employed by an enterprise

3

engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000. Finally, he does not identify his scheduled work hours, the number of uncompensated overtime hours or those paid at less than minimum wage, when Plaintiff worked such overtime or underpaid hours, and that his employer knew he worked overtime hours.

The court has reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard. In addition, the facts alleged in Plaintiff's "Supplements" appear to be factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

Out of an abundance of caution, the court will provide Plaintiff with an opportunity to file **ONE** amended complaint that supersedes[2] all others and that alleges facts establishing his FLSA claims against the Defendants, as explained above. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without prejudice and without further notice to

---

[2]In other words, the court will conduct further review of Plaintiff's amended complaint ONLY and will not consider Plaintiff's original Complaint or his unsolicited "Supplements."

Plaintiff. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order. Accordingly,

IT IS ORDERED:

1. Plaintiff shall file an amended complaint by February 4, 2019, that states a claim upon which relief may be granted. Plaintiff's amended complaint will supersede all others. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The Clerk of the Court is directed to set a pro se case management deadline using the following text: February 4, 2019—check for amended complaint.

3. Plaintiff's Motion to Aquit [sic] and Return Property and Asset's [sic] (Filing No. 7) is denied.

DATED this 2nd day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge