IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WALTER H. HOLLOWAY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:18CV497 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| OMAHA WORK STAFFING, M&M | ) | **AND ORDER** |
| STAFFING, and RUSSELL MONN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On January 2, 2019, the court ordered Plaintiff to file an amended complaint that states a claim upon which relief may be granted by February 4, 2019. The court warned Plaintiff that "[f]ailure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff." (Filing No. 13.)

On January 7, 2019, Plaintiff filed with the court a document entitled "Restrictions on Finances to core Purchase Maintain House/Houses or Residences of 80,000.00 or of 150,000.00 or Higher/Preferred Safe Living Quarters and a decent job or occupation" in which Plaintiff defines for the court "blockbusting"[1] and "red lining" in the context of housing, requests an "income or to return to my Federal employment," and accuses the court of "judging [his] writing ability." (Filing No. 14.) Attached to the document are two unexplained random pages of printed text. (Filing No. 14 at CM/ECF p. 3.)

---

[1]Plaintiff defines "blockbusting" as "frightening homeowners into moving or telling them that people of a certain race, religion or national origin are moving into their part, property value loss." (Filing No. 14 at CM/ECF p. 1 (spelling corrected).) Plaintiff defines "red lining" as "making fair housing opportunities not available by low income and return of persons to Federal city state jobs after under cover assignments." (*Id*. (spelling corrected).)

Plaintiff's document, construed as an Amended Complaint, completely fails to comply with the court's direction regarding the factual allegations necessary to state a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, for failure to pay minimum and overtime wages. (Filing No. 13.) Nor does Plaintiff include any other factual allegations.

Accordingly, this matter will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2) (court shall dismiss case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against defendant who is immune from such relief).

IT IS THEREFORE ORDERED that:

1. This case is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2); and

2. Judgment shall be entered by separate document.

DATED this 13th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge